UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Fairfield Industries Incorporated d/b/a FairfieldNodal,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Wireless Seismic, Inc.,<br><br>　　　　Defendant. | Case No. 2:13-cv-903<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.  This is an action for patent infringement by Fairfield Industries Incorporated d/b/a FairfieldNodal ("Fairfield") against Wireless Seismic, Inc. ("Wireless Seismic") for infringement of United States Patent No. 7,124,028 ("the '028 patent"), United States Patent No. 7,983,847 ("the '847 patent"), and United States Patent No. 8,296,068 ("the '068 patent") under 35 U.S.C. § 271.

2.  Plaintiff Fairfield Industries Incorporated is a Delaware corporation with its principal place of business at 1111 Gillingham Lane, Sugar Land, Texas 77478.

3.  On information and belief, defendant Wireless Seismic, Inc. is a Delaware corporation with its principal place of business at 13100 Southwest Freeway, Suite 150, Sugar Land, Texas 77478.

4.  On information and belief, Wireless Seismic's registered agent for service in Texas is CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Wireless Seismic, as Wireless Seismic does business and has committed infringing acts in this district.

7.     Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

8.     On October 17, 2006, United States Patent No. 7,124,028 ("the '028 patent") entitled "Method and System for Transmission of Seismic Data" was duly and legally issued to Fairfield Industries, Inc., with Clifford H. Ray and Glenn D. Fisseler as inventors. Fairfield is the owner of all right, title and interest in and to the '028 patent. A copy of the '028 patent is attached as **Exhibit A**.

9.     Wireless Seismic's actions in making, using, selling and offering to sell the products known as the RT 1000 and/or the RT System 2 infringe at least claims 1-22, 24-31, 34-39, 41, 42 and 46-49 of the '028 patent, both literally and under the doctrine of equivalents.

10.    Wireless Seismic's actions in making, using, selling and offering to sell the RT 1000 and/or the RT System 2 and in actively inducing others to use or sell the RT 1000 and/or RT System 2 in the United States constitutes active inducement of at least claims 1-22, 24-31, 34-39, 41, 42 and 46-49 of the '028 patent in violation of 35 U.S.C. § 271(b), both literally and under the doctrine of equivalents.

11.    Wireless Seismic has offered to sell and sold, and continues to offer and sell, the RT 1000 and/or the RT System 2 in the United States for use in practicing at least claims 1-22, 24-31, 34-39, 41, 42 and 46-49 of the '028 patent. Wireless Seismic did so knowing that

RT 1000 and/or RT System 2 are especially made and especially adapted for use in infringing at least claims 1-22, 24-31, 34-39, 41, 42 and 46-49 of the '028 patent and are not staple articles or commodities of commerce suitable for any substantial noninfringing use.  Accordingly, Wireless Seismic is liable to Fairfield as a contributory infringer of the '028 patent under 35 U.S.C. § 271(c), both literally and under the doctrine of equivalents.

12. Wireless Seismic's infringing acts are willful in that Wireless Seismic had and has knowledge of Fairfield's rights under the '028 patent since at least June 15, 2012, but Wireless Seismic nonetheless infringes, and actively induces and contributes to infringement by others of, at least claims 1-22, 24-31, 34-39, 41, 42 and 46-49 of the '028 patent.

13. Wireless Seismic's infringement of the '028 patent has caused and will continue to cause Fairfield substantial damages and irreparable harm for which there is no adequate remedy at law.

## COUNT II

14. On July 19, 2011, United States Patent No. 7,983,847 ("the '847 patent") entitled "Method and System for the Transmission of Seismic Data" was duly and legally issued to Fairfield Industries, Incorporated, with Clifford H. Ray and Glenn D. Fisseler as inventors. Fairfield is the owner of all right, title and interest in and to the '847 patent.  A copy of the '847 patent is attached as **Exhibit B**.

15. Wireless Seismic's actions in making, using, selling and offering to sell the RT 1000 and/or the RT System 2 infringe at least claims 1-5 and 7-18 of the '847 patent, both literally and under the doctrine of equivalents.

16. Wireless Seismic's actions in making, using, selling and offering to sell the RT 1000 and/or the RT System 2 and in actively inducing others to use or sell the RT 1000

3

and/or the RT System 2 in the United States constitutes active inducement of at least claims 1-5 and 7-18 of the '847 patent in violation of 35 U.S.C. § 271(b), both literally and under the doctrine of equivalents.

17.     Wireless Seismic has offered to sell and sold, and continues to offer and sell, the RT 1000 and/or the RT System 2 in the United States for use in practicing at least claims 1-5 and 7-18 of the '847 patent.  Wireless Seismic did so knowing that the RT 1000 and/or the RT System 2 are especially made and especially adapted for use in infringing at least claims 1-5 and 7-18 of the '847 patent and are not staple articles or commodities of commerce suitable for any substantial noninfringing use.  Accordingly, Wireless Seismic is liable to Fairfield as a contributory infringer of the '847 patent under 35 U.S.C. § 271(c), both literally and under the doctrine of equivalents.

18.     Wireless Seismic's infringing acts are willful in that Wireless Seismic had and has knowledge of Fairfield's rights under the '847 patent since at least June 15, 2012, but Wireless Seismic nonetheless infringes, and actively induces and contributes to infringement by others of, at least claims 1-5 and 7-18 of the '847 patent.

19.     Wireless Seismic's infringement of the '847 patent has caused and will continue to cause Fairfield substantial damages and irreparable harm for which there is no adequate remedy at law.

## COUNT III

20.     On October 23, 2012, United States Patent No. 8,296,068 ("the '068 patent") entitled "Method for Transmission of Seismic Data" was duly and legally issued to Fairfield Industries Incorporated, with Clifford H. Ray and Glenn D. Fisseler as inventors.

4

Fairfield is the owner of all right, title and interest in and to the '068 patent. A copy of the '068 patent is attached as **Exhibit C**.

21. Wireless Seismic's actions in making, using, selling and offering to sell the RT 1000 and/or the RT System 2 infringe claims 1-16 of the '068 patent, both literally and under the doctrine of equivalents.

22. Wireless Seismic's actions in making, using, selling and offering to sell the RT 1000 and/or the RT System 2 and in actively inducing others to use or sell the RT 1000 and/or the RT System 2 in the United States constitutes active inducement of claims 1-16 of the '068 patent in violation of 35 U.S.C. § 271(b), both literally and under the doctrine of equivalents.

23. Wireless Seismic has offered to sell and sold, and continues to offer and sell, the RT 1000 and/or the RT System 2 in the United States for use in practicing claims 1-16 of the '068 patent. Wireless Seismic did so knowing that the RT 1000 and/or the RT System 2 are especially made and especially adapted for use in infringing claims 1-16 of the '068 patent and are not staple articles or commodities of commerce suitable for any substantial noninfringing use. Accordingly, Wireless Seismic is liable to Fairfield as a contributory infringer of the '068 patent under 35 U.S.C. § 271(c), both literally and under the doctrine of equivalents.

24. Wireless Seismic's infringing acts are willful in that Wireless Seismic had and has knowledge of Fairfield's rights under the '068 patent since at least October 23, 2012, but Wireless Seismic nonetheless infringes, and actively induces and contributes to infringement by others of, claims 1-16 of the '068 patent.

25. Wireless Seismic's infringement of the '068 patent has caused and will continue to cause Fairfield substantial damages and irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

26. Fairfield hereby demands a jury trial on all issues properly tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Fairfield respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A judgment that Wireless Seismic infringes the '028 patent under 35 U.S.C. §§ 271(a), (b) and (c), both literally and under the doctrine of equivalents.

B. A judgment that Wireless Seismic infringes the '847 patent under 35 U.S.C. §§ 271(a), (b) and (c), both literally and under the doctrine of equivalents.

C. A judgment that Wireless Seismic infringes the '068 patent under 35 U.S.C. §§ 271(a), (b) and (c), both literally and under the doctrine of equivalents.

D. A permanent injunction enjoining Wireless Seismic and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '028 patent, the '847 patent and the '068 patent.

E. A judgment that Wireless Seismic's infringement has been willful.

F. An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case.

G. A judgment and order requiring Wireless Seismic to pay Fairfield damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement

up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284.

  H. A judgment and order requiring Wireless Seismic to pay Fairfield the cost of this action (including all disbursements).

  I. A judgment and order requiring Wireless Seismic to pay Fairfield pre-judgment and post-judgment interest on the damages awarded.

  J. Further relief as the Court may deem just and proper.

Dated: November 1, 2013       Respectfully submitted,

                S/Allen A. Arntsen
                Allen A. Arntsen WI Bar No. 1015038
                Connor A. Sabatino WI Bar No. 1074318
                Foley & Lardner LLP
                Suite 5000
                150 East Gilman Street
                Madison, WI 53703-1482
                Post Office Box 1497
                Madison, WI 53703-1497
                608.257.5035
                608.258.4258

                *Attorneys for Plaintiff,*
                *Fairfield Industries Incorporated*